# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 14-1118V

Filed: February 2, 2016

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | **UNPUBLISHED** |
| CORNELL YELLEN,            * | |
|                         * | Special Master Hamilton-Fieldman |
|           Petitioner,     * | |
|                         * | |
| v.                              * | Attorneys' Fees and Costs; |
|                         * | Reasonable Amount Requested to |
| SECRETARY OF HEALTH       * | which Respondent Does Not Object. |
| AND HUMAN SERVICES,       * | |
|                         * | |
|           Respondent.     * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | |

<u>Maximillian J. Muller</u>, Muller Brazil LLP, Dresher, PA, for Petitioner.
<u>Justine E. Walters</u>, United States Department of Justice, Washington, DC, for Respondent.

## <u>DECISION</u>[1]

On November 18, 2014, Cornell Yellen ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that an influenza ("flu") vaccination administered on September 23, 2013 caused him to develop cervical dystonia, essential tremors, and narcolepsy. Petition ("Pet."), ECF No. 1, at 1-3. On August 13, 2015, Petitioner amended his Petition to allege only narcolepsy as his vaccine-caused injury. *See* Amended Petition, ECF No. 20. On January 13, 2016, the undersigned issued a decision awarding compensation to Petitioner. Decision, ECF No. 27.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On February 2, 2016, the parties filed a Stipulation of Facts Concerning Attorneys' Fees and Costs. Pursuant to their Stipulation, the parties have agreed to an award of $30,727.56 in attorneys' fees and costs. In accordance with General Order Number 9, Petitioner's counsel represents that Petitioner did not incur any costs during this proceeding.

The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, the undersigned hereby awards the amount of $30,727.56, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Maximillian J. Muller.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.